***********
Upon review of the competent evidence of record with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission finds that good grounds exist to remand this case to the Deputy Commissioner section for a hearing de novo.
 *********** *Page 2 
On June 14, 2005, decedent Jessie Ray Smith died as a result of a compensable injury resulting from an accident. At the time of his death, decedent had been married to Wanda Ann Jones Smith, but had been separated, although not divorced, from her for many years. They had one living, adult child.
Decedent lived with Deborah Newsome for significant periods of time from approximately 1997 through the date of his death. Deborah Newsome gave birth to Jeforest Matthew Newsome in 1999 and Raylgin Clevez Newsome on September 7, 2000. Decedent was not listed as the father on either child's birth certificate, even though it appears that he was living with Deborah Newsome before and after the birth of both children. Decedent did not legitimize these children during his lifetime.
Defendants filed a Request for Hearing in this matter. Prior to the hearing Deputy Commissioner Chapman sent a letter to counsel for Defendants, with a copy to Deborah Newsome, stating that the minor children would have to have Guardian Ad Litems appointed, but she (Deputy Commissioner) might be able to make the appointment at hearing and proceed with the hearing. A hearing was subsequently held before Deputy Commissioner Chapman to determine who is entitled to the death benefits. At the hearing Wanda Ann Jones Smith was present and represented by attorney. Deborah Newsome was present but was not represented by an attorney. No Guardian Ad Litems had been appointed for the minor children of Deborah Newsome and it appeared from the testimony that there was an issue concerning the competency of Deborah Newsome. Since it appeared that Deborah Newsome was seeking compensation for herself as a dependent of the decedent, the Deputy Commissioner concluded that she should not be appointed Guardian Ad Litem for her two minor children who had potentially competing interests in the death benefits. Dorothy Newsome, grandmother of the minor children, was also *Page 3 
present at the hearing and indicated that she had been taking care of the minor children; she was familiar with the facts and she would be willing to serve as Guardian Ad Litem for the minor children. The Deputy Commissioner appointed Dorothy Newsome as Guardian Ad Litem and proceeded with the hearing. Based upon a reading of the transcript it is clear that Dorothy Newsome was not prepared to prosecute claims on behalf of the minor children even though she was familiar with some of the facts. After the hearing the Deputy Commissioner issued an Opinion and Award determining that Jeforest Matthew Newsome and Raylgin Clevez Newsome did not qualify for death benefits as children of decedent.
The Full Commission is of the opinion that the interests of Jeforest Matthew Newsome and Raylgin Clevez Newsome, the minor children, were not properly represented at the hearing. The grandmother, Dorothy Newsome, did not have notice and an opportunity to prepare for the hearing, nor did she have the authority or opportunity to hire an attorney. Subsequent to the hearing, Dorothy Newsome as the appointed Guardian At Litem retained counsel and a Motion to Reopen was filed.
The Full Commission concludes that in the interest of justice this matter should be remanded to the Deputy Commissioner Section for a hearing de novo. Therefore, the Motion to Reopen need not be addressed herein.
IT IS THEREFORE ORDERED that this matter is remanded to the Deputy Commissioner Section for a hearing de novo.
This the __ day of August 2007.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ DANNY LEE MCDONALD COMMISSIONER *Page 1